UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DEBORAH A. WELLS,

       Plaintiff,

   v.                                    CASE NO.: 8:05-CV-177-JDW-MAP

THA HOUSING,

       Defendant.

_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before the Court on Plaintiff' 's Motion for Leave to Proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (doc. 2).  That statute, however, provides that a court may dismiss such an action "if the court determines that the action is frivolous or malicious." 28 U.S.C. § 1915(e).  Plaintiff appears to allege in her complaint, although it is far from clear, that she was either racially discriminated against by Defendant or that Defendant acted negligently when placing her in a predominantly African–American housing community.  A claim is considered frivolous if it lacks an arguable basis in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).

Given the vague allegations in Plaintiff's complaint, this Court directed Plaintiff to file an amended complaint which would comply with the requirements listed in Fed.R.Civ.P. 8(a) (doc. 5).[1] On March 1, 2005, Plaintiff filed an amended complaint (doc. 6), but that complaint does not comply with Fed.R.Civ.P. 8(a) as instructed.  Plaintiff fails to state a claim.  Accordingly, it is hereby

RECOMMENDED:

---

[1] Fed.R.Civ.P. 8(a) provides that the complaint should include: 1) a short and plain statement of the grounds upon which the Court's jurisdiction depends, 2) a short and plain statement of the claim showing that Plaintiff is entitled to relief, and 3) a specific demand for the relief which Plaintiff seeks.

1.  Plaintiff's request to proceed in forma pauperis be denied (doc. 3) and her claim be dismissed without prejudice.

IT IS SO REPORTED in chambers at Tampa, Florida on March 4, 2005.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

Failure to file and serve written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date it is served on the parties shall bar an aggrieved party from a *de novo* determination by the District Court of issues covered in the report, and shall bar the party from attacking on appeal factual findings in the report accepted or adopted on appeal by the District Court except upon grounds of plain error or manifest injustice.  28 U.S.C. § 636(b)(1)(C); Local Rule 6.02; *Nettles v. Wainright*, 677 F.2d 404 (5th Cir. 1982) (*en banc*).

cc:    The Honorable James D. Whittemore
       Plaintiff, pro se